Copass *v.* Wheelock.

THOS. H. COPASS *v.* W. H. WHEELOCK *et als.*

PRINCIPAL AND SURETY. *Bills and notes. Accommodation endorser.* A judgment by motion, in favor of an endorser, is void which fails to show that he was an accommodation endorser.

FROM WASHINGTON.

Appeal from the Chancery Court at Jonesboro. H. C. SMITH, Ch.

Copass *v.* Wheelock.

INGERSOLL and BLAIR for complainant.

DEADERICK for defendants.

COOPER, J., delivered the opinion of the court.

The bill in this case, although inartificially drawn, and laying stress upon points either not sustainable or not sustained, sets out the judgment by motion against which relief is sought, and asks that it be declared fraudulent and void. The judgment is in favor of the defendant Wheelock against John G. Jones, Chas. W. Jones, and the complainant. It recites that the plaintiff came, by attorney, and moved the court for judgment against the defendants for $554.41 paid by him, on the 25th of June, 1866, "as an endorser of the defendants," and it not appearing that plaintiff was endorser as alleged, a jury is sworn, "the truth to speak upon the matters in controversy," who say "that the plaintiff was endorser of the defendants, and that he paid as endorser for said defendants, on the 7th of April, 1860, the sum of $120.17," it is, therefore, considered by the court that the plaintiff recover of the defendants the said sum with interest, amounting in all to $192.27, for which let execution issue.

The motion, it will be noticed, is for $554.41, paid on the 25th of June, 1866, while the recovery is for a different sum of money, paid on the 7th of April, 1860. The judgment was rendered on the 7th of April, 1870, and therefore, as appears on its face, more than six months after the right of action accrued, and it does not appear, either by its recitals or by the record of the summary proceeding,

Copass *v.* Wheelock.

that notice was given to the defendants as required by the Code, sec. 3585. Nor is it shown, either by the judgment itself or the record, that the plaintiff produced on the trial the instrument creating the liability, or a certified copy thereof, and a copy of the record showing the recovery of judgment, nor are there any recitals on the face of the judgment to supply these omissions: Code, sec. 3631. These are all probably fatal defects. But the summary proceeding by motion is only allowed in favor of accommodation endorsers, and the judgment must show the fact that the plaintiff was an accommodation endorser of the defendant. *Allen* v. *Wood*, 1 Head, 436; Code, sec. 3630.

The judgment is most clearly void, and the complainant is entitled to the relief sought, with costs.